UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELMER D. MANSFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:05CV1027 FRB |
| | ) |
| JAMES W. STANLEY, JR., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Presently pending before the Court is plaintiff's Motion to Dismiss Without Prejudice (Docket No. 32). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. §636(c).

STATEMENT OF THE CASE

Plaintiff originally brought this action in the Circuit Court of St. Louis City, Missouri. On June 25, 2005, defendants filed a Notice of Removal in this court asserting the federal court's diversity jurisdiction pursuant to 28 U.S.C. §1446.

Thereafter, the court entered a Case Management Order setting out certain deadlines for pretrial matters and setting the case for trial on October 16, 2006. On February 2, 2006, defendants filed a Motion for Summary Judgment as to all claims made by plaintiff. On March 17, 2006, plaintiff filed his Response to Defendants' Motion for Summary Judgment as well as a Counter (Cross) Motion for Summary Judgment. On March 22, 2006 defendants

filed a Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment and a Response to Plaintiff's Counter (Cross) Motion for Summary Judgment.

On April 24, 2006, defendants filed a Motion to Bar Plaintiff From Naming Experts asserting that plaintiff had failed to timely disclose any expert witness as set out in the Case Management Order. Plaintiff responded by requesting additional time until May 8, 2006, in which to designate expert witnesses. The request was granted. On June 30, 2006, defendants filed a Second Motion to Bar Plaintiff From Naming Experts asserting that plaintiff again had failed to timely disclose expert witnesses. Plaintiff again responded by requesting additional time until August 1, 2006, in which to designate his expert witnesses. The court set the motion for hearing on August 2, 2006. Counsel for the parties appeared before the court on that date and counsel for plaintiff informed the court that plaintiff wished to dismiss this cause without prejudice. He subsequently filed this pending motion. Defendants have responded stating that they do not formally oppose the motion, but nor will they stipulate to a dismissal without prejudice. The defendants request that should the court grant the motion that plaintiff be required to pay defendants' costs in this action as a precondition to the commencement of any action in the future against these defendants.

DISCUSSION

Rule 41 of the Federal Rules of Civil Procedure governs the dismissal of actions in federal courts. A plaintiff may voluntarily dismiss an action without leave of court before the opposing party files an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1). After an answer or motion for summary judgment has been filed, a plaintiff may still dismiss an action if all parties consent by filing a stipulation of dismissal with the court. Id. Both of these types of dismissal are without prejudice. Id. If, however, a party objects to the proposed dismissal and an answer or motion for summary judgment has already been filed, the action may be dismissed without prejudice only upon order of the court and "upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2).

Whether to dismiss an action without prejudice is within the discretion of the trial court. Holmgren v. Massey-Ferguson, Inc., 516 F.2d 856, 857 n. 1 (8th Cir. 1975). As a general rule, courts will grant a dismissal when the "only prejudice the defendant will suffer is that resulting from a subsequent law suit." Paulucci v. City of Duluth, 826 F.2d 780 (8th Cir. 1987).

Having considered the reasons asserted by plaintiff in support of the request for dismissal without prejudice, as well as the current status of the case and the efforts made by the defendants thus far in defending the case, the undersigned concludes that it is a reasonable condition to a dismissal without

prejudice that plaintiff be required to pay reasonable attorney's fees and costs incurred by the defendants in defending this cause if and when the same or substantially similar claims were to be filed by plaintiff in this or any other court. See Belle-Midwest, Inc. v. Missouri Property & Cas. Ins. Guar. Assoc., 56 F.3d 977 (8th Cir. 1995); Kern v. TXO Prod. Corp., 738 F.2d 968 (8th Cir. 1984).

Therefore, for all the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Dismiss Without Prejudice (Docket No. 32/filed August 2, 2006) is granted.

**IT IS FURTHER ORDERED** this cause is dismissed without prejudice.

**IT IS FURTHER ORDERED** that all other pending motions are denied as moot.

**IT IS FURTHER ORDERED** that, as a precondition to plaintiff Elmer D. Mansfield refiling the same or substantially similar claims in this or any other court, the plaintiff will pay to defendants their reasonable costs and attorney's fees incurred in defending this action.

*/s/ Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of August, 2006.